Manko v Gabay (2019 NY Slip Op 06078)





Manko v Gabay


2019 NY Slip Op 06078


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-11287
 (Index No. 25157/10)

[*1]Nella Manko, appellant, 
v
David A. Gabay, etc., et al., respondents.


Nella Manko, Brooklyn, NY, appellant pro se.
Gordon & Silber, P.C., New York, NY (Andrew B. Kaufman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated August 19, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015 to vacate an order of the same court dated May 7, 2012.
ORDERED that the order dated August 19, 2015, is affirmed insofar as appealed from, with costs.
In this action and three other legal malpractice actions commenced by the plaintiff against the defendants, among others, in 2010 and 2011, the Supreme Court issued an order dated May 7, 2012, determining various motions and cross motions in each of the four actions. Among other things, the court: (1) directed dismissal of all the complaints insofar as asserted against the defendant Law Offices of David A. Gabay, P.C., pursuant to CPLR 3211(a)(7) for failure to state a cause of action because that entity was not in existence in 2007 when the defendant David A. Gabay provided legal services to the plaintiff; (2) directed dismissal of the complaint in this action insofar as asserted against Gabay pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction based upon the plaintiff's failure to effect proper service of process upon him; (3) denied the plaintiff's motions for leave to enter a default judgment against the defendants, among others, in the actions commenced under Index Nos. 3521/11 and 8549/11; (4) directed dismissal of the complaints filed under Index Nos. 3521/11 and 8549/11 insofar as asserted against Gabay pursuant to CPLR 3211(a)(5) as time-barred, "with prejudice"; and (5) directed dismissal of the complaint filed under Index No. 23002/11, inter alia, pursuant to CPLR 3211(a)(5) as time-barred.
In June 2015, the plaintiff moved in this action, inter alia, pursuant to CPLR 5015 to vacate the order dated May 7, 2012. In an order dated August 19, 2015, the Supreme Court denied the motion, and the plaintiff appeals.
To the extent that the plaintiff's arguments can be construed as a contention that the Supreme Court erred in denying that branch of her motion which was to vacate the order dated May 7, 2012, we agree with the court's denial of that branch of the motion inasmuch as the plaintiff failed to establish her entitlement to vacatur of the order dated May 7, 2012 (see CPLR 5015[a]).
The parties' remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court